IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>      vs.<br><br>DOUGLAS ECKHARDT,<br><br>                             Defendant. | 8:18CR37<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Findings and Recommendation (F&R), ECF No. 33, issued by Magistrate Judge Susan M. Bazis. The Magistrate Judge recommended that the Motion to Suppress or alternatively, Motion to Dismiss Indictment, filed by the Defendant Douglas Eckhardt, ECF No. 13, be denied. Defendant filed an Objection to the F&R, ECF No. 36, as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The Government responded to the Objection, ECF No. 37. For the reasons set forth below, the F&R will be adopted, and the Motion to Suppress will be denied.

## BACKGROUND

Defendant is charged with using interstate commerce to facilitate the promotion of unlawful activity and conspiracy to distribute or possess with intent to distribute marijuana. Indictment, ECF No. 1. Defendant seeks to suppress any evidence obtained by law enforcement on September 20, 2017, asserting that Omaha Police lacked probable cause or reasonable suspicion to initiate a traffic stop. Defendant also asserted that Omaha Police conducted the stop outside their jurisdiction and failed to provide him with proper

*Miranda* warnings, but he withdrew his *Miranda* argument at the evidentiary hearing. Tr. 78-79.[1]

The Magistrate Judge concluded that Officer Jeffrey Vaughn of the Omaha Police Department was authorized to conduct traffic stops on September 20, 2017. The Sarpy County Sherriff's office has a Memorandum of Understanding (MOU) with the Omaha Police Department. The evidence showed that, as required by the MOU, Officer Vaughn notified Sarpy County dispatch that he would be patrolling in Sarpy County on the date of the traffic stop. Tr. 40. Defendant does not challenge the Magistrate Judge's conclusion. Having reviewed the record, the Court concludes that Officer Vaughn was authorized to conduct the stop in Sarpy County on September 20, 2017.

Defendant's lone remaining argument is that the stop was unjustified because Officer Vaughn lacked probable cause to initiate the stop. On the date of the stop, Officer Vaughn was conducting traffic patrol on Interstate 80 near mile marker 430 in Sarpy County. Officer Vaughn observed Defendant's vehicle driving westbound on Interstate 80 in the lane closest to the median, following closely behind a white motor vehicle. Tr. 17. Using a stopwatch, Officer Vaughn timed the distance between the white vehicle and Defendant's vehicle and found it to be four-tenths of a second. Tr. 18. Based on the Nebraska driving manual and Officer Vaughn's experience, he determined that Defendant was following at an unsafe distance and decided to stop Defendant. Tr. 20.

As Officer Vaughn entered the Interstate to stop Defendant, Vaughn noticed that Defendant's vehicle was a rental and that both the front and rear driver's side windows

---

[1] The Transcript of the Evidentiary Hearing was filed at ECF No. 32. Internal references to the Transcript in this Memorandum and Order omit the ECF and Page ID number.

were down a couple of inches. Tr. 20. These facts were significant to Officer Vaughn because, in his experience, people traveling at high speeds with windows down are often either smoking cigarettes while driving or transporting drugs, both illegal activities. Tr. 21.

Officer Vaughn testified that traffic was heavy due to morning rush-hour and when he entered the Interstate, there were several vehicles between his cruiser and Defendant's vehicle. Tr. 22. Officer Vaughn's dashcam began recording at some point before Defendant pulled to the shoulder of the Interstate. As the recording begins, Officer Vaughn's cruiser moves from the right-hand lane to the center lane behind Defendant's vehicle. Ex. 1, 0:02. Officer Vaughn then follows Defendant's vehicle to the left-hand lane and turns on his cruiser's siren. Ex. 1, 0:15. Defendant's vehicle then makes his way to the right-hand shoulder where Officer Vaughn conducted the traffic stop. Ex. 1, 0:32. Officer Vaughn testified that it took approximately 30 seconds for Defendant to pull over. Tr. 23.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a), the Court shall make a *de novo* review of the portions of the Magistrate's Findings and Recommendation to which objections have been made. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings and recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

The Fourth Amendment states that people should be "secure in their persons, houses, papers, and effects against unreasonable searches and seizures, and no Warrants shall issue, but upon probable cause . . ." U.S. Const., amend. IV. Defendant

argues that Officer Vaughn violated his Fourth Amendment rights because the traffic stop was not justified at its inception. Specifically, Defendant argues that Officer Vaughn's testimony lacked credibility. ECF No. 36-1, Page ID 198.

"A traffic violation, no matter how minor, creates probable cause for a law enforcement officer to stop [a] vehicle." *United States v. Lopez*, 564 F.3d 1001, 1003 (8th Cir. 2009). "[I]f an officer has reasonable suspicion or probable cause to stop for a traffic violation, 'any ulterior motivation on the officer's part is irrelevant.'" *United States v. McLemore*, 887 F.3d 861, 864 (8th Cir. 2018) (quoting *United States v. Fuehrer*, 844 F.3d 767, 772 (8th Cir. 2016), *cert. denied*, 137 S.Ct. 2107 (2017). "Reasonable suspicion is 'a particularized and objective basis for suspecting the particular person stopped of breaking the law.'" *Id.* (quoting *Heien v. North Carolina*, 135 S.Ct. 530, 536, (2014)).

Under Nebraska law, it is unlawful for a driver of a motor vehicle to "follow another vehicle more closely than is reasonable and prudent." Neb. Rev. Stat. § 60-6,140(1). Officer Vaughn testified that he uses a "two-second rule" to determine whether a driver is following at an unsafe distance and that he observed Defendant following a motor vehicle at a timed distance of .4 seconds. Tr. 19. Vaughn explained that, in his experience, drivers need more than two seconds to react to hazards in front of them. Tr. 19-20. The Eighth Circuit has recognized that under Nebraska law, "[t]he two-second rule . . . is a 'widely used rule of thumb that accounts for the speed of traffic' and is an appropriate measurement of whether a trailing car is maintaining a reasonable and prudent distance." *United States v. Lopez*, 564 F.3d 1001, 1003 (8th Cir. 2009) (quoting *United States v. Andrews*, 454 F.3d 919, 921 (8th Cir. 2006)). The evidence supports the Magistrate

Judge's conclusion that Officer Vaughn had reasonable suspicion to conduct the traffic stop.

Defendant does not directly dispute Officer Vaughn's method, but argues that his testimony "is simply not credible." Df. Obj. at 3, ECF No. 36-1, Page ID 196. The Court recognizes that the Magistrate Judge, in conducting the evidentiary hearing, had "a 'distinct advantage' in evaluating witness credibility, and [her] credibility determinations are 'virtually unreviewable on appeal.'" *United States v. Ford*, 888 F.3d 922, 927 (8th Cir. 2018) (quoting *United States v. Vinton*, 631 F.3d 476, 481 (8th Cir. 2011)). The Court thus reviews the Magistrate Judge's credibility determinations for clear error. *See id.*

Defendant argues that Officer Vaughn lacks credibility because certain details of his account conflict with the video of the initial stop. For example, Defendant argues that Officer Vaughn testified that he pulled into traffic in the lane closest to the median but the video shows that Officer Vaughn was, at some point, in the far right-hand lane. Defendant fails, however, to show that there was conflicting testimony, much less that it would impact the Court's analysis. Nowhere on the page Defendant cited to in the transcript, or anywhere in the transcript, does Officer Vaughn testify that he remained in the lane nearest the median when pursuing Defendant.

Defendant also argues that Officer Vaughn's testimony is not credible because he could not identify the type of white vehicle or anything about the driver that Defendant was following too closely. The absence of such details does not undermine Officer Vaughn's credibility. Officer Vaughn testified that he observed Defendant following another vehicle at an unsafe distance. The Magistrate Judge determined that this testimony was credible. Nothing in the video of the stop, or in the still photos from the

video, contradicts Officer Vaughn's testimony to the point of undermining his credibility regarding his determination that the Defendant committed a traffic violation.

## CONCLUSION

For the reasons discussed, the Findings and Recommendation will be adopted, and the Motion to Suppress will be denied.

IT IS ORDERED:

1. The Findings and Recommendation, ECF No. 33, are adopted in their entirety;

2. The Motion to Suppress or alternatively, Motion to Dismiss Indictment, filed by the Defendant Douglas Eckhardt, ECF No. 13, is denied;

3. Defendant's Objection to the F&R, ECF No. 36, is overruled; and

4. The Clerk of Court is directed to terminate the Government's Response to the Objection, ECF No. 37.

Dated this 17th day of October, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge